UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MARIO D. JONES, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 1:09-cv-171 |
| ) | Edgar / Carter |
| STATE OF TENNESSEE; BRADLEY ) | |
| COUNTY; BRADLEY COUNTY ) | |
| POLICE DEPARTMENT; BRADLEY ) | |
| COUNTY 10TH DISTRICT DRUG TASK ) | |
| FORCE; LIEUTENANT BOBBY ) | |
| QUEEN; OFFICER FRED SULLIVAN; ) | |
| and OFFICER KEN WILSON, ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM**

Plaintiff Mario Jones, representing himself pro se, brought an action against Defendants Bradley County, the Bradley County Police Department, the State of Tennessee, the Bradley County 10th Judicial District Drug Task Force, Bobby Queen, Fred Sullivan, and Ken Wilson (collectively "Defendants") alleging claims relating to alleged unconstitutional actions arising pursuant to 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985 ("Section 1985"). These claims related to an alleged unlawful arrest on state court criminal drug charges and the resulting alleged unlawful imprisonment.

Bradley County and the Bradley County Sheriff's Office, incorrectly identified as the Bradley County Police Department, filed a motion to dismiss Plaintiff's claims. [Court Doc. No. 14]. Defendants State of Tennessee, 10th JDTF, Bobby Queen, and Ken Wilson in their official capacities also filed a motion to dismiss Plaintiff's claims. [Court Doc. No. 27]. This court

previously granted the Defendants' motions to dismiss and issued a judgment dismissing Plaintiff's lawsuit in its entirety. *See* [Court Doc. Nos. 33, 34].

Plaintiff now moves this court to grant relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). [Court Doc. No. 36]. The court has reviewed the motion and exhibits filed by the Plaintiff and has determined that Plaintiff's motion will be **DENIED**.

## I. Background

The background facts of Plaintiff's claims are outlined in this court's prior memorandum; therefore, the court declines to elaborate on them here. *See* [Court Doc. No. 33].

## II. Standard of Review

### A. Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(b)(3)

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A party seeking to vacate a judgment under Fed. R. Civ. P. 60(b)(3) must show "clear and convincing evidence of fraud or other misconduct by an adverse party." *Williams v. State of Michigan*, 182 F.3d 920, *2 (6th Cir. 1999) (citing *Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir. 1983)). The Sixth Circuit has further expanded on the appropriate standard courts should apply under Fed.R.Civ.P. 60(b)(3):

> The proper standard . . . modifies the prevailing interpretation of Rule 60(b)(3) by

> requiring the moving party to demonstrate that the non-moving party engaged in deliberate or reckless misbehavior. On the other hand, we loosen the prevailing interpretation of the rule by dispensing with any requirement that the moving party demonstrate prejudice. Finally, we hold that although prejudice should be presumed, once the moving party has shown by clear and convincing evidence that misbehavior falling into one or more of the three categories set out in Rule 60(b)(3) has occurred, our abiding concern with the finality of judgments leads to the conclusion that the non-moving party should be permitted to demonstrate by clear and convincing evidence that the misbehavior which occurred had *no prejudicial* effect on the outcome of the litigation.

*Jordan v. Paccar, Inc.*, 97 F.3d 1452, *8 (6th Cir. 1996). For purposes of a Rule 60(b)(3) motion, the Sixth Circuit has defined "fraud" to mean the "knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008).

### III. Analysis

Plaintiff's motion to grant relief merely restates the allegations of fraud made in response to the Defendants' prior motion to dismiss. *See e.g.* [Court Doc. No. 12]. Plaintiff provides exhibits that demonstrate that he was found guilty by a jury on December 8, 2009 of possession of Schedule II Hydromorphone with intent to sell or deliver over 50 grams. [Court Doc. No. 36-2]. This evidence merely confirms the facts found by the court in its prior memorandum. *See* [Court Doc. Nos. 33, p. 5; 32-1]. The court does not see any new proof of fraud or other deliberate misconduct indicated in the Plaintiff's motion or the supporting exhibits. The Plaintiff provides the court with no new information in his motion, nor does he indicate why the *Heck v. Humphrey* doctrine outlined in this court's prior memorandum should not apply. *See* 512 U.S. 477, 486-87, 114 S.Ct. 2354, 2372 (1994). Plaintiff fails to explain how Defendants' behavior, either acts relating to this litigation or prior actions relating to his criminal conviction, were

fraudulent. Because Plaintiff has no evidence that demonstrates clear and convincing fraudulent behavior or other deliberate misconduct on the part of Defendants, his motion to grant relief must be **DENIED**.

**IV.     Conclusion**

For the reasons outlined *supra*, Plaintiff's motion to grant relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**. [Court Doc. No. 36].

A separate order will enter.


       */s/ R. Allan Edgar*
       R. ALLAN EDGAR
    UNITED STATES DISTRICT JUDGE